FILED: APRIL 16, 2009
09CV2328
JUDGE HART
MAGISTRATE JUDGE DENLOW
AO

3830 JPS/BSP/NI077

# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| RAUL LOPEZ and MARIA LOPEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | NO. |
| | ) | |
| HANKE TRUCKING, INC., a Corporation | ) | |
| and THOMAS KIEFER, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

NOW COMES the Defendant, HANKE TRUCKING, INC., by its attorney, Jonathan P. Schaefer of Purcell & Wardrope Chtd., and pursuant to 28 U.S.C.A. 1332, 1441 and 1446, hereby provides notice of its removal of this cause pursuant to said statutes and for the following reasons:

1.     On or about March 17, 2009, there was commenced and is now pending in the Circuit Court of the Cook County, Illinois, a certain civil action under case #2009 L 003226, in which Raul Lopez and Maria Lopez are Plaintiffs, and Hanke Trucking, Inc. and Thomas Kiefer are named Defendants.

2.     The aforementioned lawsuit is brought by the Plaintiffs seeking damages for personal injuries allegedly suffered by Raul Lopez in a motor vehicle accident on March 26, 2007.  The Plaintiffs' Complaint prays for damages in a sum in excess of $50,000.00.  The Plaintiffs' attorney did not provide the Defendant with his affidavit under Illinois Supreme Court Rule 222(b), indicating whether the total money damages being sought in the Complaint exceeded $50,000.00.

3. The Defendant has been in communications with a worker's compensation carrier representative from CNA Insurance relative to the worker's compensation claim of Raul Lopez allegedly arising out of the subject accident. The CAN adjuster has advised the Defendant's representatives that Raul Lopez underwent lumbar disectomy at L5/S1 in 2007, and was released to full work duties approximately one year after the accident. The CNA Adjuster further advised that it had paid total medical specials of $40,960.23 as of 4/21/08, as well as $10,615.68 for temporary wage loss. The CNA adjuster further advised that the worker's compensation claim remained open, but was expected to have a significant additional indemnity payment demand from the plaintiff relative to alleged permanent injuries stemming from the subject accident. A copy of the CNA adjuster's 4/21/08 correspondence to the defendant's insurance carriers attached here to as Exhibit A. Based upon the foregoing, the undersigned counsel for the Defendant has a reasonable belief that the amount in controversy in this matter exceeds $75,000.00, exclusive of interests and costs.

4. The Defendant states that the above lawsuit involves a controversy with complete diversity of citizenship between citizens of different states, and the Defendants affirmatively state further:

(a) Upon information and belief, the plaintiffs were at the commencement of this action, and our now citizens of the State of Illinois and residents of the State of Illinois, and are not citizens of the State of Wisconsin;

(b) The Defendant, Hanke Trucking is a corporation duly created and organized by and under the laws of the State of Wisconsin with its principal place of business in the State of Wisconsin, and was not and is not a corporation created or organized under the laws of the State of Illinois, nor does it have principal places of business in the State of Illinois.

(c) Upon information and belief, the Defendant, Thomas Kiefer, was a citizen of the State of Wisconsin, and a resident of the State of Wisconsin at the time of the subject occurrence on March 26, 2007. Further, Thomas Kiefer was deceased at the time of the commencement of this action. A complaint

2

filed against a dead person is void *ab initio*, a nullity, and does not invoke the jurisdiction of the circuit court. <u>Volkmar v. State Farm Mutual Automobile Insurance Co.</u>, 104 Ill.App.3d 149. Accordingly, the circuit court has not obtained jurisdiction over Thomas Kiefer.

5.     This matter involves a controversy between an individual who is a resident of the State of Illinois on the one hand, and a corporation incorporated or organized pursuant to the laws of a state other than Illinois, and a deceased resident of the State of Wisconsin, on the other hand. Further, the amount in controversy involves more than Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs. Accordingly, the District Court for the United States has original jurisdiction over this lawsuit.

6.     This Notice of Removal is timely filed on the first business day after the expiration of thirty (30) days that the Illinois Secretary of State was served with summons and Complaint on March 19, 2007, as substitute registered agent for the Defendant. A copy of the Plaintiffs' attorney's affidavit of said service is attached hereto as Exhibit B.

7.     Attached hereto and made a part here of are copies of the following documents filed by the Plaintiff and the Defendants in the Circuit Court of the Cook County, Illinois under case #09 L 003226:

-     Plaintiff's Complaint at Law;

-     Plaintiff's Summons directed to the Defendants via Illinois Secretary of State;

-     The Plaintiff's Notice of Filing suit, Proof of Service and related documentation regarding substitute service on the Defendants via Illinois Secretary of State;

-     Plaintiff's Affidavit of Compliance and Notice of Filing re: same.

-     Defendant's Appearance and Jury Demand;

-     Defendant's Answer to Plaintiffs' Complaint At Law;

3

- Defendant's Interrogatories, Rule 214 Request, and Rule 237 Demand, all directed to the Plaintiffs;

- Defendant's Notice of Filing Re: Appearance and Jury Demand, Answer to Plaintiffs' Complaint, Interrogatories, Rule 214 Request, and Rule 237 Demand to both Plaintiffs ;

- Defendant's Motion to Quash Service Upon Thomas Kiefer and Notice of Motion re: same

- Defendant's Notice of Filing Re: Notice of Removal.

- Plaintiff's Civil Action Cover Sheet;

To the Defendants' knowledge, no other documents, nor pleadings were filed in said lawsuit.

8.      Notice of the filing of this Removal has been given to all parties as required by law, and is attached hereto. A true and correct copy of this Removal has been filed with the Clerk of the Circuit Court of Cook County, Illinois – Law Division, as provided by law.

9.      With its appearance filed in the Circuit Court of Cook County, Illinois – Law Division, the Defendant demanded and paid the additional fee for a jury demand. The Defendant herein on removal also demands this case be tried by a jury.

WHEREFORE, the Defendant, HANKE TRUCKING, INC., prays that they may affect removal of the within action from the Circuit Court of the Cook County, Illinois – Law Division, to the United States District Court for the Northern District of Illinois – Eastern Division, and that the matter be tried before a jury.

Respectfully submitted,

By: _____
Jonathan P. Schaefer

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3830 - Lopez\Pleadings\NtcRemoval.doc

4



**Standard Lines Recovery Center-Atlanta**
PO Box 105233 Atlanta GA 30348-5233

Sabrina Abbott Dent, Subrogation
Examiner
Telephone 877.732.5564 ext.3881
Direct Telephone 678.473.3881
Facsimile 312-260-1546
Internet: Sabrina.abbott.dent@cna.com

April 21, 2008

Kris Jankovich, Claims
National Interstate Insurance
3250 Interstate drive
Richfield, OH 44286

Injured Worker: Raul Lopez
Our Claim No.: E2331219
Our Insured: Reserve Ring Terminals
Date of Loss: 3/26/07
Insurer: National Fire Insurance Company of Hartford
Your Claim No: 70755

Dear Ms. Jankovich:

As you are aware CNA is the workers comp carrier for Reserve Ring Terminals. As a result of the accident noted above, CNA was presented a claim by Raul Lopez as he was within the course and scope of employment when the above mentioned loss occurred.

At this time the Workers Compensation claim remains open. The following benefits have been paid to date:

| | | |
|---|---|---|
| Indemnity: | $ 10615.68 | 3/27- 4/16/09 ṡ; 10/8 - 0/10/08 |
| Medical: | $ 40960.23 → | |
| Total: | $ 51575.91 →7 | |

The workers' compensation law states that the workers' compensation carrier has the right of subrogation in such matters. CNA expects reimbursement from you for work comp benefits paid on the above claim. I have enclosed the payment history per your request. Please be advised that no release or settlement without written notice to us is effective or binding. Only an authorized representative of our company has authority to negotiate settlement of our claim. Thank you.

Sincerely,

*Sabrina Abbott Dent*

Sabrina Abbott Dent
Subrogation Examiner

RECEIVED
APR 25 2008
CLAIMS DEPT



DEFENDANT'S
EXHIBIT

A

Atty. No. 36867

STATE OF ILLINOIS )
                    ) SS
COUNTY OF COOK )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

RAUL LOPEZ and MARIA LOPEZ, )
                               )
           Plaintiffs, )
                               )
VS                             )     NO:    09 L 3226
                               )
HANKE TRUCKING, INC., a Corporation )
and THOMAS KIEFER,              )
                               )
           Defendants, )
                               )

## AFFIDAVIT OF COMPLIANCE
## PURSUANT TO 95 2 ILLINOIS
## REVISED STATUTES, SECTION 10-301(b)

Now come the Plaintiffs, RAUL LOPEZ and MARIA LOPEZ, by and through their

attorneys, KUMLIN AND FROMM, and in filing service of process on the Secretary of State as

agent for Defendants, HANKE TRUCKING, INC., a Corporation and THOMAS KIEFER, pursuant

to the non-resident motorist statute, states as follows:

     1.     I, MARK L. FROMM, am one of the attorneys herein having first been duly sworn

upon oath hereby depose and state that I have complied with each and every statutory requirement of

the non-resident motorist statute 95 2 Il. Rev. Stat. Section 10-301.

     2.     A lawsuit has been filed in the above proceedings in the Circuit Court of Cook

County on March 17, 2009.



DEFENDANT'S
EXHIBIT
B

3.    The service of process on the non-resident Defendants was made by serving a copy of the Complaint, Summons and Affidavit of Compliance upon the Clerk of the Circuit Court of Cook County, Illinois.

4.    That on March 19, 2009, the service of process was made by serving a copy of the Complaint, Summons and Affidavit of Compliance upon the Secretary of State of Illinois at his office in Springfield, Illinois, together with a fee of $10.00.

5.    That the Defendants, HANKE TRUCKING, INC. and THOMAS KIEFER, having used and operated a motor vehicle upon the highways of the State of Illinois, in a negligence and otherwise careless manner proximately caused certain and specific severe injuries to the Plaintiff herein and by doing so, thereby agreed that any service of process through the Secretary of State against them shall be of the same legal force and validity as through served upon them personally.

6.    That pursuant to the form Affidavit of Compliance also filed herein, the Defendants, HANKE TRUCKING, INC. and THOMAS KIEFER, are presently nonresidents of the State of Illinois.

7.    That the Defendants, HANKE TRUCKING, INC. and THOMAS KIEFER, have last known addresses of 765 Hildale Road, Slinger, WI 53086 and W3138 Hwy. 67, Campbell, WI 53010, respectively.

8.    That the above being the last known addresses of said Defendants, this Affidavit along with the Complaint, Summons and a Statutory Notice containing the above and foregoing, were sent by registered mail, having been registered with the branch postal office station located at 100 W. Randolph Street, Chicago, Illinois, on March 18, 2009, and was addressed to Defendants, HANKE TRUCKING, INC., 765 Hildale Road, Slinger, WI 53086 and THOMAS KIEFER, W3138

–2–

Hwy. 67, Campbell, WI 53010, pursuant to Section 10-301 of the Illinois Vehicle Code.

9.      That the Plaintiff's Affidavit of Compliance with the provision of the motor vehicle

law of the State of Illinois, 95 2 Ill. Rev. Stat. Section 10-301 is appended to the Summons hereto.

Attorney for Plaintiffs

SUBSCRIBED AND SWORN
to before me this 18th day of
March, 2009.

NOTARY PUBLIC

"OFFICIAL SEAL"
Heidi Knesper
Notary Public, State of Illinois
My Commission Expires 2/5/2013

**MARK L. FROMM, ESQ.**
**KUMLIN AND FROMM, LTD.**
205 W. RANDOLPH STREET, SUITE 1030
CHICAGO, ILLINOIS 60606
(312) 236-6465

—3—

Atty. No. 36878

STATE OF ILLINOIS )
               )   SS
COUNTY OF COOK )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| RAUL LOPEZ and MARIA LOPEZ, )| |
| )| |
|     Plaintiff, )| |
| )| |
| VS )| NO:   09 L 3226 |
| )| |
| HANKE TRUCKING, INC., a Corporation )| |
| and THOMAS KIEFER, )| |
| )| |
|     Defendants, )| |
| )| |

## NOTICE

TO:   HANKE TRUCKING, INC.                 THOMAS KIEFER
        765 Hildale Road                   W3138 Hwy. 67
        Slinger, WI 53086                  Campbell, WI 53010

You are hereby notified that, pursuant to the Statute of the State of Illinois, providing for service of process on the Secretary of State in cases where the owner or operator of a motor vehicle involved in an accident is a non-resident of the State, we have, on March 18, 2009, served the Secretary of State, a copy of the process attached and will file the return of service and our Affidavit, a copy of which is also attached with the Court.

                                      Attorney for Plaintiff

I, Xochitl Ortiz, make oath and say as follows: I served the above notice and copy of process by enclosing a copy of same in an envelope properly addressed as shown above, with postage prepaid, and depositing the same, to go via, Registered Mail, in the United States Post Office at the Registered Mail desk.

SUBSCRIBED AND SWORN
to before me this 18th day of
March, 2009.

NOTARY PUBLIC

"OFFICIAL SEAL"
Heidi Knesper
Notary Public, State of Illinois
My Commission Expires 2/5/2013

**MARK L. FROMM, ESQ.**
KUMLIN AND FROMM, LTD.
205 W. RANDOLPH STREET, SUITE 1030
CHICAGO, ILLINOIS 60606
(312) 236-6465

Atty. No. 36867

STATE OF ILLINOIS )
                ) SS
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

RAUL LOPEZ and MARIA LOPEZ, )
                                    )
        Plaintiffs, )
                                    )
VS                               ) NO:
                                    )
HANKE TRUCKING, INC., a Corporation )
and THOMAS KIEFER, )
                                    )
        Defendants, )
                                    )

## COMPLAINT AT LAW

### COUNT I

Now come the Plaintiff, RAUL LOPEZ, by and through his attorneys, KUMLIN

AND FROMM, LTD., and complaining against the Defendants, HANKE TRUCKING,

INC., a Corporation and THOMAS KIEFER, alleges as follows:

    1.      That on or about, to-wit: March 26, 2007, the Plaintiff, RAUL LOPEZ,

owned, operated, maintained and controlled a motor vehicle in a southbound direction

along and upon Stony Island at or near its intersection with 130th Street in the City of

Chicago, County of Cook and State of Illinois.

    2.      That at all times mentioned herein, the Plaintiff was in the exercise of all

due care and caution for his own safety and the safety of others.

    3.      That on or about, to-wit: March 26, 2007, the Defendant, HANKE

TRUCKING, INC., owned a motor vehicle being operated, maintained and controlled by

its agent, servant and/or employee, the Defendant, THOMAS KIEFER, in a westbound

direction across Stony Island Avenue at or near its intersection with 130th Street in the City of Chicago, County of Cook and State of Illinois.

4.     That it was the duty of the aforesaid Defendants, HANKE TRUCKING, INC., by and through its agent, servant and/or employee, the Defendant, THOMAS KIEFER, to exercise ordinary care towards the Plaintiff.

5.     That the Defendants, HANKE TRUCKING, INC., by and through its agent, servant and/or employee, the Defendant, THOMAS KIEFER, were then and there guilty of one or more of the following acts of negligence:

    a).    Did negligently, carelessly and improperly fail to keep a proper lookout for other motor vehicle in lawful use of the public thoroughfare then and there;

    b)    Did negligently, carelessly and improperly fail to keep said motor vehicle under safe, suitable and proper control;

    c)    Did negligently, carelessly and improperly operate and/or maintain said motor vehicle without good, sufficient and proper brakes;

    d)    Did negligently, carelessly and improperly operate said motor vehicle at a high and dangerous rate of speed, incommensurate with the condition of traffic and use of the public thoroughfare then and there;

    e)    Did negligently, carelessly and improperly operate said motor vehicle too fast for conditions;

    f)    Did negligently, carelessly and improperly fail to bring said motor vehicle to a stop prior to collision with another motor vehicle;

    g)    Did negligently, carelessly and improperly execute a left turn when danger of a collision was imminent with the Plaintiff's vehicle;

    h)    Did negligently, carelessly and improperly fail to keep said motor vehicle in its proper lane of travel for southbound traffic then and there;

- 2 -

i) Did negligently, carelessly and improperly driver said motor vehicle into Plaintiff's lane of travel when danger of collision was imminent with the Plaintiff's vehicle;

j) Did negligently, carelessly and improperly fail to stop, slow or otherwise alter the speed, movement or direction of said vehicle when danger of collision was imminent with the Plaintiff's vehicle;

k) Did negligently, carelessly and improperly maintain and control said vehicle contrary to the Ordinances of the City of Chicago and the Statutes of the State of Illinois;

l) Did otherwise, negligently, carelessly and improperly own, operate, maintain and/or control said motor vehicle in a dangerous and hazardous manner.

6.    That as a direct and proximate result of one or more of the foregoing acts of negligence, the motor vehicle owned by the Defendant, HANKE TRUCKING, INC., and operated by the Defendant, THOMAS KIEFER, did come into a violent collision with the motor vehicle owned and operated by the Plaintiff, RAUL LOPEZ; that as a direct and proximate result of the aforesaid collision, the Plaintiff, RAUL LOPEZ, did sustain severe and serious injuries to diverse portions of his body;  that said injuries are permanent; that the Plaintiff sustained great pain, suffering and mental anguish and will in the future be caused great pain, suffering and mental anguish; that the Plaintiff incurred medical expenses and will in the future be caused to incur medical expenses; that the Plaintiff sustained and incurred losses of time and other pecuniary expenses and will in the future be caused to incur additional pecuniary losses; that the Plaintiff sustained damage to his motor vehicle and lost the use thereof.

WHEREFORE, the Plaintiff, RAUL LOPEZ, prays for judgment against the Defendants, HANKE TRUCKING, INC., a Corporation and THOMAS KIEFER, jointly and severally, for a sum in excess of FIFTY THOUSAND AND NO/100 ($50,000.00) DOLLARS.

## COUNT II

Now comes the Plaintiff, MARIA LOPEZ, by and through her attorneys, KUMLIN AND FROMM, LTD., and complaining against the Defendants, HANKE TRUCKING, INC., a Corporation and THOMAS KIEFER, alleges as follows:

1. That on and prior to March 26, 2007, the Plaintiff, MARIA LOPEZ, was the lawfully wedded Wife of RAUL LOPEZ.

2-5. Plaintiff, MARIA LOPEZ, repeats and re-alleges, and incorporates by reference, paragraphs 2-5 of Count I as paragraphs 2-5 of Count II as if fully set forth herein.

6. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff's Husband then and there sustained severe and permanent injuries, externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs.

7. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff has been deprived, and is reasonably certain to be deprived in the future, of the society, companionship and conjugal relationship with her Husband.

WHEREFORE, the Plaintiff, MARIA LOPEZ, demands judgment against the Defendants, HANKE TRUCKING, INC., a Corporation and THOMAS KIEFER, jointly and severally, for a sum in excess of FIFTY THOUSAND AND NO/100 ($50,000.00) DOLLARS.

Attorney for Plaintiffs

- 4 -

**MARK L. FROMM, ESQ.**
KUMLIN AND FROMM, LTD.
205 W. RANDOLPH STREET, SUITE 1030
CHICAGO, ILLINOIS 60606
(312) 236-6465

| | |
|---|---|
| **2120 - Served** | **2121 - Served** |
| **2220 - Not Served** | **2221 - Not Served** |
| **2320 - Served By Mail** | **2321 - Served By Mail** |
| **2420 - Served By Publication** | **2421 - Served By Publication** |
| **SUMMONS** | **ALIAS - SUMMONS** |

(Rev.12/3/01) CCG 0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, __LAW__ DIVISION

(Name all parties)

RAUL LOPEZ and MARIA LOPEZ,

    Plaintiffs,

        v.

HANKE TRUCKING, INC., a Corporation
and THOMAS KIEFER,

    Defendants,

No. _____

*SEE ATTACHED LIST FOR
SERVICE*

### SUMMONS

**To each defendant:**

    **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

    ⊠  Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ **District 6 - Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | |

**You must file within 30 days after service of this summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: 936867

Name: MARK L. FROMM, ESQ./KUMLIN & FROMM

Atty. for: PLAINTIFFS

Address: 205 W. Randolph St., 1030

City/State/Zip: Chicago, IL 60606

Telephone: (312) 236-6465

WITNESS, _____

*Dorothy Brown*

Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
                                               (Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## SERVICE LIST

SECRETARY OF STATE, as authorized agent
For HANKE TRUCKING, INC., a Corporation
and THOMAS KIEFER, pursuant to Illinois Revised
Statute Chapter 95 ½, 10-301.
Springfield, IL 62756



# OFFICE OF THE SECRETARY OF STATE

### JESSE WHITE • Secretary of State

March 20, 2009

Mark L. Fromm, Esq./Kumlin & Fromm
205 West Randolph, Suite 1030
Chicago, IL 60606

Dear Sir or Madam:

Copies of Summons(es), Complaint(s) at Law, and Affidavit(s) of Compliance
with proper fee(s) have been received on the following:

**Raul Lopez, et al v. Hanke Trucking, Inc., et al, #09 L 3226, Fee $5.00**

Filing and Service have been accepted on 3/20/2009 in compliance with the
provisions of 625 ILCS 5/10-301 or provisions of 735 ILCS 5/2-203.1 as
applicable.

Sincerely,

*Jesse White*

Jesse White
Secretary of State

**ALL INQUIRIES CALL:**
(217) 785-3094
Office of the General Counsel
Room 298, Howlett Building
Springfield, Illinois 62756

JW:sf
Enclosure

2120 - Served                    20 - Served
2220 - Not Served                21 - Not Served
2320 - Served By Mail            2321 - Served By Mail
2420 - Served By Publication     2421 - Served By Publication
SUMMONS                          ALIAS - SUMMONS FILED-12            (Rev.12/3/01) CCG 0001

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT,  LAW                                    DIVISION

DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

(Name all parties)                                    No. _____

RAUL LOPEZ and MARIA LOPEZ,

        Plaintiffs,

              v.                         *SEE ATTACHED LIST FOR
                                          SERVICE*
HANKE TRUCKING, INC., a Corporation
and THOMAS KIEFER,

        Defendants,

                        SUMMONS

                                                      C.C.
                                                      VMW

To each defendant:

        YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is
hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at
the following location:

        ☒  Richard J. Daley Center, 50 W. Washington, Room  801 _____, Chicago, Illinois 60602

        ☐  District 2 - Skokie           ☐  District 3 - Rolling Meadows      ☐  District 4 - Maywood
           5600 Old Orchard Rd.             2121 Euclid                          1500 Maybrook Ave.
           Skokie, IL 60077                 Rolling Meadows, IL 60008            Maywood, IL 60153

        ☐  District 5 - Bridgeview       ☐  District 6 - Markham
           10220 S. 76th Ave.               16501 S. Kedzie Pkwy.
           Bridgeview, IL 60455             Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF
REQUESTED IN THE COMPLAINT.

To the officer:

        This summons must be returned by the officer or other person to whom it was given for service, with
endorsement of service and fees, if any, immediately after service.  If service cannot be made, this summons shall
be returned so endorsed.  This summons may not be served later than 30 days after its date.

Atty. No.: ¢36867                              WITNESS, _____ MAR 17 2009
Name:  MARK L. FROMM, ESQ./KUMLIN & FROMM
Atty. for:  PLAINTIFFS                                    Dorothy Brown
Address: 205 W. Randolph St., 1030                        Clerk of Court
City/State/Zip:  Chicago, IL 60606             Date of service: _____,
Telephone:  (312) 236-6465                     (To be inserted by officer on copy left with defendant
                                                           or other person)

Service by Facsimile Transmission will be accepted at: _____
                                               (Area Code)    (Facsimile Telephone Number)

        DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## SERVICE LIST

SECRETARY OF STATE, as authorized agent
For HANKE TRUCKING, INC., a Corporation
and THOMAS KIEFER, pursuant to Illinois Revised
Statute Chapter 95 ½, 10-301.
Springfield, IL 62756

# AFFIDAVIT OF COMPLIANCE

FILED 2:40

Pursuant to Section 10-301 of the Illinois Vehicle Code (Chapter 95½, Paragraph 10-301, Ill. Rev. Stat., Service of Process on Non-Resident), the undersigned makes the following statements:

1.  That I am a (plaintiff/attorney for plaintiff) in the following named case:

    RAUL LOPEZ, et al.      vs.    HANKE TRUCKING, INC., et al   No. 09 L 3226
    ___(first named plaintiff)___         (defendant to be served)

2.  That this cause of action arises from the use and operation by the defendant to be served or his duly authorized agent or employee, of a vehicle over or upon the highways of the State of Illinois, which resulted in damage or loss to the person or property of (the undersigned/client of the undersigned).

3.  That the defendant to be served through the Secretary of State falls under one of the following: (Check the appropriate box)

    a) ☒   Was at the time of the accident and remains a non-resident of this state; or

    b) ☐   Was a resident at the time the cause of action arose but has subsequently become a non-resident of this state; or

    c) ☐   At the time the cause of action arose, the vehicle was owned by a non-resident and was being operated over and upon the highways of this state with the owners expressed or implied permission.

4.  That the undersigned makes this affidavit for the purpose of inducing the Secretary of State to accept service of process on behalf of the named defendant herein according to the provisions of Section 10-301 of the Illinois Vehicle Code and that the provisions of Section 10-301 of the Illinois Vehicle Code are applicable to the instant proceeding and that the undersigned has complied with and will continue to comply with all of the requirements of said Section.

5.  That the undersigned is aware that any person instituting any action, suit, or proceeding who uses Section 10-301 of the Illinois Vehicle Code to effect service of process shall be liable for attorneys fees and costs of the defendant if the court finds that the person instituting the action knew or should have known that this section is not applicable for effecting service in such action.

The undersigned affirms, under penalties of perjury, that the facts stated herein are true.

_____     3-18-09
Signature of Affiant            Date

DAM SR-12



# OFFICE OF THE SECRETARY OF STATE

### JESSE WHITE • Secretary of State

March 20, 2009

Mark L. Fromm, Esq./Kumlin & Fromm
205 West Randolph, Suite 1030
Chicago, IL 60606

Dear Sir or Madam:

Copies of Summons(es), Complaint(s) at Law, and Affidavit(s) of Compliance
with proper fee(s) have been received on the following:

**Raul Lopez, et al v. Thomas Kiefer, et al, #09 L 3226, Fee $5.00**

Filing and Service have been accepted on 3/20/2009 in compliance with the
provisions of 625 ILCS 5/10-301 or provisions of 735 ILCS 5/2-203.1 as
applicable.

Sincerely,

*Jesse White*

Jesse White
Secretary of State

**ALL INQUIRIES CALL:**
(217) 785-3094
Office of the General Counsel
Room 298, Howlett Building
Springfield, Illinois 62756

JW:sf
Enclosure

2420 - Served By Publication          2421 - Served By Publication
SUMMONS                               ALIAS - SUMMONS                    (Rev.12/3/01) CCG 0001

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW                    DIVISION

                                                                         CALENDAR/ROOM
(Name all parties)                                                       TIME
                                                              No.

RAUL LOPEZ and MARIA LOPEZ,

        Plaintiffs,
                                                   *SEE ATTACHED LIST FOR
                          v.                       SERVICE*

HANKE TRUCKING, INC., a Corporation
and THOMAS KIEFER,

        Defendants,

## SUMMONS

**To each defendant:**

   YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

☒  **Richard J. Daley Center, 50 W. Washington, Room** ___801___, **Chicago, Illinois 60602**

☐  **District 2 - Skokie**          ☐  **District 3 - Rolling Meadows**    ☐  **District 4 - Maywood**
   5600 Old Orchard Rd.               2121 Euclid                           1500 Maybrook Ave.
   Skokie, IL  60077                  Rolling Meadows, IL  60008            Maywood, IL  60153

☐  **District 5 - Bridgeview**       ☐  **District 6 - Markham**
   10220 S. 76th Ave.                 16501 S. Kedzie Pkwy.
   Bridgeview, IL  60455             Markham, IL  60426

**You must file within 30 days after service of this summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

   This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: ç36867                          WITNESS, _____,

Name: MARK L. FROMM, ESQ./KUMLIN & FROMM

Atty. for: PLAINTIFFS                       Clerk of Court
                                                              MAR 30 2009
Address: 205 W. Randolph St., 1030
                                           Date of service: _____,
City/State/Zip: Chicago, IL 60606          (To be inserted by officer on copy left with defendant
                                                     or other person)
Telephone: (312) 236-6465

Service by Facsimile Transmission will be accepted at: _____
                                                       (Area Code)   (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**SERVICE LIST**

SECRETARY OF STATE, as authorized agent
For HANKE TRUCKING, INC., a Corporation
and THOMAS KIEFER, pursuant to Illinois Revised
Statute Chapter 95 ½, 10-301.
Springfield, IL 62756

## AFFIDAVIT OF COMPLIANCE

Pursuant to Section 10-301 of the Illinois Vehicle Code (Chapter 95½, Paragraph 10-301, Ill. Rev. Stat., Service of Process on Non-Resident), the undersigned makes the following statements:

1. That I am a (plaintiff/attorney for plaintiff) in the following named case:

| RAUL LOPEZ, et al. | vs. | THOMAS KIEFER, et al. | 09 L 3226 |
|---|---|---|---|
| (first named plaintiff) | | (defendant to be served) | No. _____ |

2. That this cause of action arises from the use and operation by the defendant to be served or his duly authorized agent or employee, of a vehicle over or upon the highways of the State of Illinois, which resulted in damage or loss to the person or property of (the undersigned/client of the undersigned).

3. That the defendant to be served through the Secretary of State falls under one of the following: (Check the appropriate box)

   a) ☒  Was at the time of the accident and remains a non-resident of this state; or

   b) ☐  Was a resident at the time the cause of action arose but has subsequently become a non-resident of this state; or

   c) ☐  At the time the cause of action arose, the vehicle was owned by a non-resident and was being operated over and upon the highways of this state with the owners expressed or implied permission.

4. That the undersigned makes this affidavit for the purpose of inducing the Secretary of State to accept service of process on behalf of the named defendant herein according to the provisions of Section 10-301 of the Illinois Vehicle Code and that the provisions of Section 10-301 of the Illinois Vehicle Code are applicable to the instant proceeding and that the undersigned has complied with and will continue to comply with all of the requirements of said Section.

5. That the undersigned is aware that any person instituting any action, suit, or proceeding who uses Section 10-301 of the Illinois Vehicle Code to effect service of process shall be liable for attorneys fees and costs of the defendant if the court finds that the person instituting the action knew or should have known that this section is not applicable for effecting service in such action.

The undersigned affirms, under penalties of perjury, that the facts stated herein are true.

_____   3-18-07
Signature of Affiant                  Date

DLM SA-1 8

Atty. No. 36867

STATE OF ILLINOIS )
                ) SS
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| RAUL LOPEZ and MARIA LOPEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS | ) | NO:   09 L 3226 |
| | ) | |
| HANKE TRUCKING, INC., a Corporation | ) | |
| and THOMAS KIEFER, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

**AFFIDAVIT OF COMPLIANCE
PURSUANT TO 95 2 ILLINOIS
<u>REVISED STATUTES, SECTION 10-301(b)</u>**

Now come the Plaintiffs, RAUL LOPEZ and MARIA LOPEZ, by and through their attorneys, KUMLIN AND FROMM, and in filing service of process on the Secretary of State as agent for Defendants, HANKE TRUCKING, INC., a Corporation and THOMAS KIEFER, pursuant to the non-resident motorist statute, states as follows:

1.     I, MARK L. FROMM, am one of the attorneys herein having first been duly sworn upon oath hereby depose and state that I have complied with each and every statutory requirement of the non-resident motorist statute 95 2 Il. Rev. Stat. Section 10-301.

2.     A lawsuit has been filed in the above proceedings in the Circuit Court of Cook County on March 17, 2009.

3.    The service of process on the non-resident Defendants was made by serving a copy of the Complaint, Summons and Affidavit of Compliance upon the Clerk of the Circuit Court of Cook County, Illinois.

4.    That on March 19, 2009, the service of process was made by serving a copy of the Complaint, Summons and Affidavit of Compliance upon the Secretary of State of Illinois at his office in Springfield, Illinois, together with a fee of $10.00.

5.    That the Defendants, HANKE TRUCKING, INC. and THOMAS KIEFER, having used and operated a motor vehicle upon the highways of the State of Illinois, in a negligence and otherwise careless manner proximately caused certain and specific severe injuries to the Plaintiff herein and by doing so, thereby agreed that any service of process through the Secretary of State against them shall be of the same legal force and validity as through served upon them personally.

6.    That pursuant to the form Affidavit of Compliance also filed herein, the Defendants, HANKE TRUCKING, INC. and THOMAS KIEFER, are presently nonresidents of the State of Illinois.

7.    That the Defendants, HANKE TRUCKING, INC. and THOMAS KIEFER, have last known addresses of 765 Hildale Road, Slinger, WI 53086 and W3138 Hwy. 67, Campbell, WI 53010, respectively.

8.    That the above being the last known addresses of said Defendants, this Affidavit along with the Complaint, Summons and a Statutory Notice containing the above and foregoing, were sent by registered mail, having been registered with the branch postal office station located at 100 W. Randolph Street, Chicago, Illinois, on March 18, 2009, and was addressed to Defendants, HANKE TRUCKING, INC., 765 Hildale Road, Slinger, WI 53086 and THOMAS KIEFER, W3138

–2–

Hwy. 67, Campbell, WI 53010, pursuant to Section 10-301 of the Illinois Vehicle Code.

      9.     That the Plaintiff's Affidavit of Compliance with the provision of the motor vehicle

law of the State of Illinois, 95 2 Ill. Rev. Stat. Section 10-301 is appended to the Summons hereto.

 

Attorney for Plaintiffs

SUBSCRIBED AND SWORN
to before me this 18th day of
March, 2009.

NOTARY PUBLIC

"OFFICIAL SEAL"
Heidi Knesper
Notary Public, State of Illinois
My Commission Expires 2/5/2013

**MARK L. FROMM, ESQ.**
**KUMLIN AND FROMM, LTD.**
205 W. RANDOLPH STREET, SUITE 1030
CHICAGO, ILLINOIS 60606
(312) 236-6465

Atty. No. 36878

STATE OF ILLINOIS )
                   ) SS
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

RAUL LOPEZ and MARIA LOPEZ,           )
                                       )
     Plaintiff,                      )
                                       )
VS                                     )   NO:   09 L 3226
                                       )
HANKE TRUCKING, INC., a Corporation    )
and THOMAS KIEFER,                     )
                                       )
     Defendants,                     )
                                       )

## **NOTICE**

TO:   HANKE TRUCKING, INC.          THOMAS KIEFER
       765 Hildale Road              W3138 Hwy. 67
       Slinger, WI 53086             Campbell, WI 53010

You are hereby notified that, pursuant to the Statute of the State of Illinois, providing for service of process on the Secretary of State in cases where the owner or operator of a motor vehicle involved in an accident is a non-resident of the State, we have, on March 18, 2009, served the Secretary of State, a copy of the process attached and will file the return of service and our Affidavit, a copy of which is also attached with the Court.

Attorney for Plaintiff

I, Xochitl Ortiz, make oath and say as follows: I served the above notice and copy of process by enclosing a copy of same in an envelope properly addressed as shown above, with postage prepaid, and depositing the same, to go via, Registered Mail, in the United States Post Office at the Registered Mail desk.

SUBSCRIBED AND SWORN
to before me this 18th day of
March, 2009.

NOTARY PUBLIC

"OFFICIAL SEAL"
Heidi Knesper
Notary Public, State of Illinois
My Commission Expires 2/5/2013

**MARK L. FROMM, ESQ.**
KUMLIN AND FROMM, LTD.
205 W. RANDOLPH STREET, SUITE 1030
CHICAGO, ILLINOIS 60606
(312) 236-6465

3830 JPS/BSP/NI077

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

RAUL LOPEZ and MARIA LOPEZ,      )
                                     )
            Plaintiffs,             )
                                     )
            vs.                    )       NO. 09 L 3226
                                     )
HANKE TRUCKING, INC., a Corporation )
and THOMAS KIEFER,                  )
                                     )
            Defendants.         )

## APPEARANCE AND JURY DEMAND

The undersigned, as attorney, enters the appearance of the Defendant:

### HANKE TRUCKING, INC.

...................................................................................................................................................

***Defendants demand trial by jury.

_____
**JONATHAN P. SCHAEFER**

PURCELL & WARDROPE CHTD
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3830 - Lopez\Pleadings\App&JuryDemand.doc

     I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____
Attorney for Defendant

3830 JPS/BSP/NI077

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

RAUL LOPEZ and MARIA LOPEZ,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　vs.　　　　　　　　　　　　)　　　NO.  09 L 3226
　　　　　　　　　　　　　　　　　　)
HANKE TRUCKING, INC., a Corporation )
and THOMAS KIEFER,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　)

## DEFENDANT HANKE TRUCKING, INC.'S ANSWER TO
## PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, HANKE TRUCKING, INC. (hereinafter "HANKE

TRUCKING"), by its attorneys, Purcell & Wardrope Chtd., and hereby by answers the plaintiff's

Complaint At Law as follows:

## COUNT I

1.　　　　That on or about, to-wit: March 26, 2007, the Plaintiff, Raul Lopez, owned,

operated, maintained and controlled a motor vehicle in a southbound direction along and upon

Stony Island at or near its intersection with 130th Street in the City of Chicago, County of Cook

and State of Illinois.

**ANSWER:**　　**Upon information and belief, the HANKE TRUCKING admits the
allegations contained in paragraph 1 of Count I.**

2.　　　　That at all times mentioned herein, the plaintiff was in the exercise of all due care

and caution for his own safety and the safety of others.

**ANSWER:**　　**HANKE TRUCKING has insufficient information at the present after
reasonable inquiry to be able to admit or deny the allegations contained in
paragraph 2 of Count I, and therefore cannot admit, nor deny same.**

3.    That on or about, to-wit: March 26, 2007, the Defendant, HANKE TRUCKING, INC., owned a motor vehicle being operated, maintained and controlled by its agent, servant and/or employee, the Defendant, THOMAS KIEFER, in a westbound direction across Stoney Island Avenue at or near its intersection with 130th Street in the City of Chicago, County of Cook and State of Illinois.

**ANSWER:    Upon information and belief, the HANKE TRUCKING admits the allegations contained in paragraph 3 of Count I.**

4.    That it was the duty of the aforesaid Defendants, HANKE TRUCKING, INC., by and through its agent, servant and/or employee, the Defendant THOMAS KEIFER, to exercise ordinary care towards the plaintiff.

**ANSWER:    HANKE TRUCKING denies the allegations contained in paragraph 4 of Count I, and admits to only those duties implied by law.**

5.    That the Defendants, HANKET TRUCKING, INC., by and through its agent, servant and/or employee, the Defendant, THOMAS KIEFER, were then and there guilty of one or more of the following acts or negligence:

  a.  Did negligently, carelessly and improperly fail to keep a proper lookout for other motor vehicle in lawful use of the public thoroughfare then and there;

  b.  Did negligently, carelessly and improperly fail to keep said motor vehicle under safe, suitable and proper control;

  c.  Did negligently, carelessly and improperly operate and/or maintain said motor vehicle without good, sufficient and proper brakes;

  d.  Did negligently, carelessly and improperly operate said motor vehicle at a high and dangerous rate of speed, incommensurate with the condition of traffic and use of the public thoroughfare then and there;

  e.  Did negligently, carelessly and improperly operate said motor vehicle too fast for conditions;

  f.  Did negligently, carelessly and improperly fail to bring said motor vehicle to a stop prior to collision with another motor vehicle;

g. Did negligently, carelessly and improperly execute a left turn when danger of a collision was imminent with the plaintiff's vehicle;

h. Did negligently, carelessly and improperly fail to keep said motor vehicle in its proper lane of travel for southbound traffic then and there;

i. Did negligently, carelessly and improperly driver said motor vehicle into plaintiff's lane of travel when danger of collision was imminent with the Plaintiff's vehicle;

j. Did negligently, carelessly and improperly fail to stop, slow or otherwise alter the speed, movement or direction of said vehicle when danger of collision was imminent with the plaintiff's vehicle;

k. Did negligently, carelessly and improperly maintain and control said vehicle contrary to the Ordinances of the City of Chicago and the Statutes of the State of Illinois;

l. Did otherwise, negligently, carelessly and improperly own, operate, maintain and/or control said motor vehicle in a dangerous and hazardous manner.

**ANSWER:** **HANKE TRUCKING denies the allegations contained in paragraph 5 of Count I, and specifically denies the allegations contained in subparagraphs a – l, thereunder.**

6. That as a direct and proximate result of one or more of the foregoing acts of negligence, the motor vehicle owned by the defendant, Hanke Trucking, Inc., and operated by the Defendant, Thomas Kiefer, did come into a violent collision with the motor vehicle owned and operated by the plaintiff, Raul Lopez, did sustain sever and serious injuries to diverse portions of his body; that said injuries are permanent; that the plaintiff sustained great pain, suffering and mental anguish; that the plaintiff incurred medical expenses and will in the future be caused to incur medical expenses; that the plaintiff sustained and incurred losses of time and other pecuniary expenses and will in the future be caused to incur additional pecuniary losses; that the plaintiff sustained damage to his motor vehicle and lost the use thereof.

**ANSWER:** **HANKE TRUCKING denies the allegations contained in paragraph 6 of Count I.**

WHEREFORE, the Defendant, HANKE TRUCKING, INC., prays that judgment be entered in its favor and against the plaintiff under Count I, and that it be awarded reasonable costs, fees and expenses.

## COUNT II

1.      That on and prior to March 26, 2007, the plaintiff, Maria Lopez, was the lawfully wedded wife of Raul Lopez.

**ANSWER:     HANKE TRUCKING has insufficient information at the present after reasonable inquiry to be able to admit or deny the allegations contained in paragraph 1 of Count II, and therefore cannot admit, nor deny same.**

2-5.    Plaintiff Maria Lopez repeats and re-alleges and incorporates by reference paragraphs 2 – 5 of Count I as paragraphs 2 – 5 of Count II as if fully set forth herein.

**ANSWER:     HANKE TRUCKING re-alleges and incorporated by reference its response to paragraphs 2 – 5 of Count I, as its responses to paragraphs 2 – 5 of this Count II, as if fully set forth hereunder.**

6.      That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff's husband then and there sustained severe and permanent injuries, externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs.

**ANSWER:     HANKE TRUCKING denies the allegations contained in paragraph 6 of Count II.**

7.      That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the defendants, the plaintiff ahs been deprived, and is reasonably certain to be deprived in the future, of the society, companionship and conjugal relationship with her husband.

**ANSWER:     HANKE TRUCKING denies the allegations contained in paragraph 7 of Count II.**

WHEREFORE, the Defendant, HANKE TRUCKING, INC., prays that judgment be entered in its favor and against the plaintiff under Count II, and that it be awarded reasonable costs, fees and expenses.

Respectfully Submitted,

By: _____
Jonathan P. Schaefer

Purcell & Wardrope Chtd.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3830 - Lopez\Pleadings\Answer.doc

I, Jonathan P. Schaefer, attorney of record for the defendants, states that the defense has insufficient knowledge, after reasonable inquiry, to form a belief as those the allegations of the Plaintiff's Complaint, set forth above, in order to properly admit or deny same.

_____
Jonathan P. Schaefer

PURCELL & WARDROPE CHTD.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312)427-3900
F:\JPS\3830 - Lopez\Pleadings\Answer.doc

3830 JPS/BSP/NI077

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

RAUL LOPEZ and MARIA LOPEZ,    )
    )
    Plaintiffs,    )
    )
    vs.    )    NO. 09 L 3226
    )
HANKE TRUCKING, INC., a Corporation  )
and THOMAS KIEFER,    )
    )
    Defendants.    )

## DEFENDANT'S INTERROGATORIES TO PLAINTIFFS

NOW COMES the Defendant, HANKE TRUCKING, INC., by its attorneys, PURCELL & WARDROPE, CHTD., and propounds the following Interrogatories to be answered by the Plaintiffs, RAUL LOPEZ and MARIA LOPEZ, within twenty-eight (28) days upon receipt hereof:

1. State your full names, ages, date of births, address and social security numbers.

**ANSWER:**

2. State the full names and addresses of each person who witnessed or claims to have witnessed the occurrence alleged in your Complaint.

**ANSWER:**

3. State the full name and address of each person not named (in 2) above who was present or claims to have been present at the scene immediately before, at the time of, or immediately after said occurrence.

**ANSWER:**

4. Describe in general the personal injuries sustained by you as a result of said occurrence.

**ANSWER:**

5. With regard to said injuries, state:

      (a)     The name and address of each attending physician;

      (b)     The name and address of each consulting physician;

      (c)     The name and address of each person or laboratory taking an x-ray of you;

      (d)     The date or inclusive dates on which each of them rendered you service;

      (e)     The amounts to date of their respective bills for service; and

      (f)     From which of them do you have written reports?

**ANSWER:**

6. As the result of said personal injuries, were you a patient or out-patient in any hospital or clinic? If so, state the names and addresses of each such hospital or clinic, the amounts of their respective bills and the inclusive date of said service.

**ANSWER:**

7. Please state the name and address of your current employer, as well as the name and address for your employer(s) during the last ten years. Further, if you were unable to work as a result of your personal injury allegedly sustained in the subject accident, please state:

      (a)     The name of each employer from whom you lost time from work;

      (b)     The date or inclusive dates on which you were unable to work for each such employer;

      (c)     The amount of wages or income loss from each employer claimed by you;

      (d)     Additionally, please identify the name and address of all employers of the Plaintiff for the last ten years.

**ANSWER:**

8. State any and all expenses or losses you claim as the result of said occurrence.

**ANSWER:**

9. For each witness who **will** offer any testimony at trial, please state the following:

    (a)    The name and address of the witness;

    (b)    The subject matter on which the witness is expected to testify;

    (c)    Any conclusions and opinions of the witness and the bases thereof (including, but not limited to any medical witness' opinion regarding causation, permanency, disability, future medical treatment and costs, and/or future loss of normal life, daily activities, pain and suffering); and

    (d)    The qualifications of any opinion witness.

And provide all reports of any opinion witness.

**ANSWER:**

10. During the ten years immediately prior to the date of said occurrence, had you been confined to a hospital, treated by a medical professional, or x-rayed or otherwise tested for any reason *other than personal injury*? If so, give the name and address of each such hospital, medical professional or clinic, the approximate date of such confinement or service and state, in general, the reason for such confinement or service.

**ANSWER:**

11. Had you suffered any personal injury requiring medical care prior to the date of said occurrence? For each said injury, please state when said occurred, where same occurred, how same occurred, the injuries suffered, and the name and address of every hospital, medical professional or clinic that provided treatment relative to same.

**ANSWER:**

12. Have you suffered either (a) any personal injury or (b) serious illness, since the date of said occurrence? If so, for (a), state when the injury occurred, where the injury occurred, how the injury occurred, the injuries suffered, and the name and address of every care provider; and

for (b) state when you were ill, the nature of the illness and the name and address of every care provider.

**ANSWER:**

13. Have you ever filed any other suit for your own personal injuries? If so, state the court in which filed, the year filed and the title and docket number of said case.

**ANSWER:**

14. Were any photographs taken of the scene of the occurrence or of the person or vehicles involved? If so, state the date or dates on which such photographs were taken, the subjects thereof and who now has custody of them.

**ANSWER:**

15. Do you have statements or reports from any witness other than yourself? If so, give the name and address of each such witness, the date of said statement or report, and state whether such statement or report was written or oral.

**ANSWER:**

16. List the name and addresses of all other persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom.

**ANSWER:**

17. For any and all presently continuing complaints or disabilities of any kind allegedly resulting from the accident, please state the nature and frequency of each said complaint or disability, and identify the medical treatment you are receiving and/or what medication you are taking for each such complaint or disability.

**ANSWER:**

18.  Describe the size and location of any scars allegedly incurred as a result of the accident.

**ANSWER:**

19.  Please provide the address or location of the accident, and describe the outside lighting, visibility and weather conditions at the time of the alleged occurrence, including the amount of any rain.

**ANSWER:**

20.  For any and all cellular phones available for use by the Plaintiff on the date of the accident, please provide the following:

    a.  The name and address of the subscriber of any such phone;

    b.  The telephone number and/or account number for said phone;

    c.  The name and address of the service provider.

Respectfully submitted,

By: _____
Jonathan P. Schaefer

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3830 - Lopez\Discovery\Rogs2Raul.doc

5

3830 JPS/BSP/NI077

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

RAUL LOPEZ and MARIA LOPEZ,    )
                                        )
            Plaintiffs,     )
                                         )
            vs.          )    NO. 09 L 3226
                                         )
HANKE TRUCKING, INC., a Corporation )
and THOMAS KIEFER,            )
                                       )
            Defendants.   )

## DEFENDANT'S REQUEST TO PRODUCE DIRECTED TO PLAINTIFFS

NOW COMES the Defendant, HANKE TRUCKING, INC., by its attorneys, PURCELL

& WARDROPE, CHTD., and propounds the following Request for Production of Documents, to

be answered by the Plaintiffs, Raul Lopez and Maria Lopez, pursuant to FRCP 34, within

twenty-eight (28) days from the date of service at the office of the defendants for inspection and

copying.

    1.     Any and all photographs of the subject vehicle or any other parts or systems thereof, whether made prior to or after the removal of any such parts from the subject vehicle.

    2.     A copy of the bill of repairs for the subject vehicle.

    3.     Any and all reports, letters, memos, or other written documents regarding the subject vehicle, or other parts thereof received from any expert witnesses.

    4.     List and identify, in detail, any and all technical publications, treatises, books, codes, standards (whether scientific or otherwise), articles, regulations, or other writings or documents, by whatever name described, which you, your attorneys, representatives, or witnesses (whether expert or otherwise) will offer into evidence upon the trial of this cause or which will be referred to, alluded to, or used, as a basis of support for any opinion to be offered or opinion or fact to be proved.

    5.     Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this cause.

6.    A copy of any and all written communications received by you from this defendant relative to said accident or claim.

7.    A copy of any and all written notes or memos reflecting any communications received by you or your representatives from this defendant or its employees.

8.    All medical bills incurred by the plaintiff(s) for treatment of injuries alleged to have been received in the accident.

9.    Hospital records for any admission of the plaintiff(s) to any hospital for injuries allegedly received in the accident.

10.    Medical reports and office records from any doctor, dentist, chiropractor, or other medical practitioner, pertaining to the injuries allegedly received by the plaintiff(s) in the accident.

11.    Any record in the possession of plaintiff(s) indicating the amount of income lost as a result of the accident, and the Plaintiff's complete tax returns for the last five years, including all schedules, forms, and other attachments thereto.

12.    Any statement, invoice, bill, or other writing, indicating an expense incurred by the plaintiff(s) as a result of the accident.

13.    Any photographs of the injuries allegedly received by the plaintiff(s) in said accident.

14.    Any and all photographs of the scene of the subject accident.

15.    Any statement taken from this defendant or any witnesses with regard to the circumstances of the accident, whether said statement be written, recorded, or a transcription of a recorded statement.

16.    Any and all letters, memos, reports, or other writings from any employment or occupational expert who has examined, interviewed, or tested plaintiff(s).

17.    Any and all reports, medical records, medical bills, summaries, photographs, drawings, sketches, or other records, concerning any and all prior lawsuits or concerning any claims brought by the plaintiff(s) or on the plaintiff(s) behalf, personal injuries previously suffered by the plaintiff(s).

18.    Any and all reports, medical records, medical bills, summaries, or other records concerning any and all personal injuries suffered by the plaintiff(s) at any other time, whether before or after the subject occurrence.

19.     All bills, invoices, cancelled checks, letters, correspondence, notes, or other documentation referencing any cellular phone available for use by the Plaintiff on the date of the accident.

20.     A sworn verification that the party's production hereunder is complete.

The term "accident" or "occurrence" as used in this request for production refers to the accident or occurrence outlined in the plaintiff's complaint.

The plaintiff is requested to make such production at the offices of Purcell & Wardrope, Chtd., 10 South LaSalle Street, Suite 1200, Chicago, Illinois.

Respectfully submitted,

By: _____

Jonathan P. Schaefer

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3830 - Lopez\Discovery\Req2Prod214-Raul.doc

3830 JPS/BSP/NI077

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

RAUL LOPEZ and MARIA LOPEZ, )
                                       )

          Plaintiffs, )

             vs. )       NO. 09 L 3226

HANKE TRUCKING, INC., a Corporation )
and THOMAS KIEFER, )

         Defendants. )

## DEMAND FOR PRODUCTION PURSUANT
## TO SUPREME COURT RULE 237 & 213(e)

NOW COME the Defendant, HANKE TRUCKING, INC., by its attorneys, PURCELL &

WARDROPE, CHTD., by its attorneys, PURCELL & WARDROPE, CHTD., and request that

the Plaintiffs, RAUL LOPEZ and MARIA LOPEZ, produce at the time of arbitration and trial in

the above case, and such production to continue throughout the entire course of this lawsuit for

arbitration and trial, pursuant to 237 & 213(e), of the Rules of the Supreme Court of the State of

Illinois, the following persons and documents:

       1.      It is hereby demanded, pursuant to Illinois Supreme Court Rule 213(e), that you
produce immediately upon commencement of the arbitration and upon assignment of this matter
for trial (unless otherwise herein indicated), and prior to the selection of the jury, the identity and
last known address of all persons and organizations in addition to those previously disclosed,
having knowledge of the facts relevant to this lawsuit.

       2.      It is demanded, pursuant to Illinois Supreme Court Rule 237, that you produce
RAUL LOPEZ and MARIA LOPEZ at the time of arbitration and trial for examination under
2-1102 of the Illinois Code of Civil Procedure.

       3.      It is demanded, pursuant to Illinois Supreme Court Rule 237, that you produce
immediately upon commencement of the arbitration and upon assignment of this matter for trial
(unless otherwise herein indicated), and prior to the selection of a jury, the following original
documents or tangible things or copies of same if originals are not available:

(a) Any and all photographs of the subject vehicles or any other parts or systems thereof, whether made prior to or after the removal of any such parts from the subject vehicles.

(b) A copy of the bill of repairs for the subject vehicles.

(c) Any and all reports, letters, memos, or other written documents regarding the subject vehicles, or other parts thereof received from any witnesses.

(d) List and identify, in detail, any and all technical publications, treatises, books, codes, standards (whether scientific or otherwise), articles, regulations, or other writings or documents, by whatever name described, which you, your attorneys, representatives, or witnesses will offer into evidence upon the trial of this cause or which will be referred to, alluded to, or used, as a basis of support for any opinion to be offered or opinion or fact to be proved.

(e) Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this cause.

(f) A copy of any and all written communications received by you from this defendant relative to said accident or claim.

(g) A copy of any and all written notes or memos reflecting any communications received by you or your representatives from this defendant or its employees.

(h) All medical bills incurred by the plaintiff(s) for treatment of injuries alleged to have been received in the accident.

(i) Hospital records for any admission of the plaintiff(s) to any hospital for injuries allegedly received in the accident.

(j) Medical reports and office records from any doctor, dentist, chiropractor, or other medical practitioner, pertaining to the injuries allegedly received by the plaintiff(s) in the accident.

(j) Any record in the possession of plaintiff(s) indicating the amount of income lost as a result of the accident, including, but not limited to, the plaintiff's tax returns for the last five (5) years.

(k) Any statement, invoice, bill, or other writing, indicating an expense incurred by the plaintiff(s) as a result of the accident.

(l) Any photographs of the injuries allegedly received by the plaintiff(s) in said accident.

(m)   Any and all photographs of the scene of the subject accident.

(n)   Any statement taken from any defendant with regard to the circumstances of the accident, the nature and extent of the plaintiff's injuries and/or damages or any other relevant matter, whether said statement be written, recorded, or a transcription of a recorded statement.

(o)   Any statement or report of any witness with regard to the circumstances of the accident, the nature and extend of the plaintiff's injuries and damages, or any other relevant matter, whether said statement or report be written, recorded, or a transcription of a recorded statement.

(p)   Any and all letters, memos, reports, or other writings from any employment or occupational expert who has examined, interviewed, or tested plaintiff(s).

(q)   Any and all reports, medical records, medical bills, summaries, photographs, drawings, sketches, or other records, concerning any and all prior lawsuits or concerning any claims brought by the plaintiff(s) or on the plaintiff(s) behalf, personal injuries previously suffered by the plaintiff(s).

(r)   Any and all reports, medical records, medical bills, summaries, or other records concerning any and all personal injuries suffered by the plaintiff(s) at any other time, whether before or after the subject occurrence.

(s)   All bills, invoices, cancelled checks, letters, correspondence, notes, or other documentation referencing any cellular phone available for use by the Plaintiff on the date of the accident.

The term "accident" or "occurrence" as used in this request for production refers to the accident or occurrence outlined in the plaintiffs'          complaint.

The plaintiffs are requested to make such production at the offices of Purcell & Wardrope, Chtd., 10 South LaSalle Street, Suite 1200, Chicago, Illinois.

Respectfully submitted,

By: _____

Jonathan P. Schaefer

PURCELL & WARDROPE CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3830 - Lopez\Discovery\Req2Prod237.doc

3

3830 JPS/BSP/NI077

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

RAUL LOPEZ and MARIA LOPEZ,          )
                                                          )
                    Plaintiffs,                           )
                                                          )
          vs.                                             )          NO. 09 L 3226
                                                          )
HANKE TRUCKING, INC., a Corporation )
and THOMAS KIEFER,                              )
                                                          )
                    Defendants.                          )

## NOTICE OF FILING

To:     Mark L. Fromm
        KUMLIN & FROMM
        205 W. Randolph # 1030
        Chicago, Illinois 60606

        PLEASE TAKE NOTICE that on **April 15, 2009**, we caused to be filed with the Clerk of
the Circuit Court of Cook County, *Defendant Starlight Express Coaches, Inc.'s Appearance and
Jury Demand, Answer to Plaintiff's Complaint At Law, Interrogatories to Plaintiffs Raul Lope
and Maria Lopez, Rule 214 Request to Produce to Plaintiff Raul Lopez and Maria Lopez,
Demand for Production Pursuant to Rule 237 to Plaintiff Raul Lopez and Maria Lopez* ,
copies of which are attached hereto.

                         By:     _____
                                 Jonathan P. Schaefer

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3830 - Lopez\Pleadings\NOF001.doc

## CERTIFICATE OF SERVICE

        I, Amy J. Kobel , a non-attorney, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that
I served this Notice of Filing and the documents referenced, by U.S. Mail, copies to all attorneys of record at their
listed addresses on April 15, 2009.

                                 _____
                                 Amy J. Kobel

3830 JPS/BSP/NI077

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| RAUL LOPEZ and MARIA LOPEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | NO. 09 L 3226 |
| | ) | |
| HANKE TRUCKING, INC., a Corporation | ) | |
| and THOMAS KIEFER, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO QUASH SERVICE UPON THOMAS KIEFER

NOW COMES, THOMAS KIEFER, by and through his attorneys, Purcell & Wardrope, Chtd., and moves this Honorable Court to quash the Secretary of State service upon THOMAS KIEFER, and in support thereof, states as follows:

1.     On March 20, 2009, Service was accepted by the Office of the Secretary of State of the Summons and the Complaint at Law as to THOMAS KIEFER in the above-captioned matter.[1]

2.     THOMAS KIEFER is deceased.[2]

3.     A complaint filed against a dead person is void *ab initio,* a nullity, and does not invoke the jurisdiction of the circuit court.  Volkmar v. State Farm Mutual Automobile Ins. Co., 104 Ill.App.3d 149 (1982); Wells v. Lueber, 43 Ill.App.3d 973 (1976).

4.     Accordingly, service is improper and this court does not have jurisdiction over Thomas Kiefer.

---

[1] See, Notice of the Office of Secretary of State, dated March 20, 2009, attached hereto and incorporated herein by reference as Exhibit "A."
[2] See, Death Certificate, attached hereto and incorporated herein by reference as Exhibit "B."

WHEREFORE, THOMAS KIEFER respectfully moves this Honorable Court to quash the Secretary of State service upon THOMAS KIEFER.

Respectfully submitted,

By: _____
Jason J. Friedl

PURCELL & WARDROPE CHTD
10 S. LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3830 - Lopez\Pleadings\Motion to Quash.doc



# OFFICE OF THE SECRETARY OF STATE

### JESSE WHITE • Secretary of State

FILED-12
2009 MAR ~ 2:40
CLERK OF
LAW CIRCUIT CO...
DIVISION

March 20, 2009

Mark L. Fromm, Esq./Kumlin & Fromm
205 West Randolph, Suite 1030
Chicago, IL 60606

Dear Sir or Madam:

Copies of Summons(es), Complaint(s) at Law, and Affidavit(s) of Compliance
with proper fee(s) have been received on the following:

**Raul Lopez, et al. v. Thomas Kiefer, et al, #09 L 3226, Fee $5.00**

Filing and Service have been accepted on 3/20/2009 in compliance with the
provisions of 625 ILCS 5/10-301 or provisions of 735 ILCS 5/2-203.1 as
applicable.

Sincerely,

*Jesse White*

Jesse White
Secretary of State

**ALL INQUIRIES CALL:**
(217) 785-3094
Office of the General Counsel
Room 298, Howlett Building
Springfield, Illinois 62756

JW:sf
Enclosure



STATE OF WISCONSIN
DEPARTMENT OF HEALTH AND FAMILY SERVICES
ORIGINAL CERTIFICATE OF DEATH

1. DECEDENT'S NAME — Thomas James KIEFER
2. SEX — M
4. DATE OF BIRTH — March 12, 1953
4a. AGE — 54

Mrs. Renae Kiefer
Uecker-Witt Funeral Home
524 N. Park Avenue, Fond du Lac, Wisconsin

St. Agnes Hospital
Town of Ashford
Fond du Lac

Felix P. Kiefer
Maria Caspar

W3138 Hwy 67, Campbellsport, Wisconsin 53010

Renae Beuk

Truck Driver
Over The Road Trucking
Parkview Cremations

3941

Fond du Lac, Wisconsin

June 6, 2007
June 8, 2007

43. DATE OF MOTOR VEHICLE DEAD — June 05, 2007
Fond du Lac

PATRICIA KRAUS
FOND DU LAC COUNTY REGISTER OF DEEDS



I certify that this document contains a true and correct reproduction
of facts on file with the Wisconsin Vital Records Office.

5785439    Date issued: JUN - 8 2007

DEFENDANT'S
EXHIBIT
B

3830 JPS/BSP/NI077

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

RAUL LOPEZ and MARIA LOPEZ,     )
     )
     Plaintiffs,     )
     )
     vs.     )     NO.  09 L 3226
     )
HANKE TRUCKING, INC., a Corporation  )
and THOMAS KIEFER,     )
     )
     Defendants.     )

*(stamped)* 2009 APR 15 PM 3: 12 FILED

### NOTICE OF MOTION

To:    Mark L. Fromm
       KUMLIN & FROMM
       205 W. Randolph # 1030
       Chicago, Illinois 60606

    PLEASE TAKE NOTICE that on _April 22_, **2009**, at ___10___ **a.m.**, or soon thereafter as counsel might be heard, I shall appear before Honorable Judge Larsen or any other judge sitting in her stead presiding in **Courtroom 2203, Daley Center**, Chicago, IL and shall then and there present, ***Motion to Quash Service Upon Thomas Kiefer***, a copy of which is attached hereto.

                        _____
                        Jason J. Friedl

PURCELL & WARDROPE, CHTD.
10 S. LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3830 - Lopez\Pleadings\NOM001.doc

### CERTIFICATE OF SERVICE

    I, Amy J. Kobel, a non-attorney, certify under oath that I served the foregoing Notice, the motion referenced therein and a proposed Order, by facsimile and U.S. Mail, a copy to all attorneys of record at their above-listed addresses, on April 15, 2009.

                        _____
                        Amy J. Kobel

3830 JPS/BSP/NI077

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| RAUL LOPEZ and MARIA LOPEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | NO.  09 L 3226 |
| | ) | |
| HANKE TRUCKING, INC., a Corporation | ) | |
| and THOMAS KIEFER, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

To:     Mark L. Fromm
        KUMLIN & FROMM
        205 W. Randolph # 1030
        Chicago, Illinois 60606

PLEASE TAKE NOTICE that on **April 16, 2009,** we filed with the Clerk of the Circuit Court of Cook County, a copy of ***Defendant's Notice of Removal,*** filed in the United States District Court, a copy of which is attached hereto.

By:

Jonathan P. Schaefer

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 427-3900
F:\JPS\3830 - Lopez\Pleadings\NOF002.doc

## CERTIFICATE OF SERVICE

I, Amy J. Kobel , a non-attorney, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I mailed a copy of this Notice and the documents referenced herein to each party to whom it is directed on April 16, 2009

Amy J. Kobel

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
Raul Lopez and Maria Lopez

**DEFENDANTS**
Hanke Trucking, Inc., a Corporation, and Thomas Kiefer

**(b)** County of Residence of First Listed Plaintiff **Cook County, IL**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Washington County, WS**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mark L. Fromm/Kumlin & Fromm
205 W. Randolph, #1030
Chicago, Illinois 60606; (312) 236-6465

Attorneys (If Known)
Jonathan P. Schaefer/Purcell & Wardrope, Chtd.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603; (312) 427-3900

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (excl. vet.)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [X] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Inj.

**PERSONAL INJURY**
- [ ] 362 Personal Injury— Med. Malpractice
- [ ] 365 Personal Injury— Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 ADA—Employment
- [ ] 446 ADA — Other
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
  Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Security/Commodity/Exch.
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

28 U.S.C.A. 1332, 1441 and 1446, Removal of negligence liability claim for personal injuries.

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary)

## VIII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ over juris-dictional limit of state court

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## IX. This case
- [X] is not a refiling of a previously dismissed action.
- [ ] is a refiling of case number _____, previously dismissed by Judge _____

DATE **4/14/09**

SIGNATURE OF ATTORNEY OF RECORD
**/s/Jonathan P. Schaefer**